UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| THOMAS GADDIS, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. 1:21-cv-00524-AKK-SGC |
| JOE BIDEN, President of the United States of America, *et al.*, | ) ) ) ) |
| Respondents. | ) ) |

## **MEMORANDUM OPINION**

The magistrate judge entered a report on April 29, 2021, recommending this federal habeas petition filed by Thomas Gaddis be dismissed for failing to assert any claims cognizable, or seek any relief available, in a federal habeas corpus action and/or for failing to exhaust state court remedies. (Doc. 7 at 11).[1] Additionally, the magistrate judge recommended a certificate of appealability be denied. (Doc. 7 at 11). While advised of his right to file specific written objections to the report and

---

[1] Gaddis's initial petition invoked § 2241. (Doc. 1 at 1). In subsequent submissions, Gaddis claimed he was pursuing relief under § 2254. (Docs. 4, 6). Based on state court records available at the time, which did not reflect Gaddis's sentencing, the magistrate judge concluded § 2241 provided the only possible source of habeas relief. (Doc. 7 at 5-6). Nevertheless, the magistrate judge discussed the reasons Gaddis was not entitled to relief under either statute. (*Id.* at 7-8). After entry of the report and recommendation, the relevant sentencing order was entered in the state court record. *State of Alabama v. Gaddis*, 61-CC-2019-000410.00 (Talladega Cty. Cir. Ct.). While the sentencing order was dated as signed on April 22, 2021, it was not entered on the record until May 4, 2021. Accordingly, § 2254 relief was technically available at the time the magistrate judge entered the report and recommendation. Nonetheless, any § 2254 claims Gaddis may have are unexhausted. (*See* Doc. 7 at 7-8).

recommendation within fourteen (14) calendar days (Doc. 7 at 11), Gaddis has not submitted objections, or any other response, within the prescribed time.[2]

After careful consideration of the record in this case and the magistrate judge's report, the court **ADOPTS** the report of the magistrate judge and **ACCEPTS** her recommendations. In accordance with the recommendations, the court finds Gaddis's federal habeas petition is due to **DISMISSED**. Furthermore, because the petition does not present issues that are debatable among jurists of reason, a certificate of appealability is due to be **DENIED**. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); Rule 11(a), *Rules Governing § 2254 Proceedings*.

A separate order will be entered.

**DONE** the 27th day of May, 2021.

                                                */s/ Abdul K. Kallon*
                                                **ABDUL K. KALLON**
                                      UNITED STATES DISTRICT JUDGE

---

[2] A "Request [for] Mandamus Order" was docketed as filed in this case on April 30, 2021. (Doc. 8). Given Gaddis dated the submission April 27, 2021, it cannot fairly be construed as objections to the April 29, 2021 report and recommendation. Regardless, the filing largely repeats allegations made in Gaddis's original and amended petitions and addressed in the report and recommendation.